**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00027-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ELVIN SHEPHERD | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court are Defendant Elvin Shepherd's ("Shepherd") Motion for Compassionate Release (Record Document 170), filed on September 15, 2022, and his Supplemental Motion for Compassionate Release (Record Document 178) filed on November 14, 2022. Shepherd also filed a reply, supplemental exhibits, a letter in support of his motions, and letters of support. See Record Documents 174, 177, 181, and 170-5. The Government opposes Shepherd's motions, arguing he has not exhausted his administrative remedies. See Record Document 173.

Shepherd is serving a 120-month sentence, the statutory mandatory minimum, for violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute methamphetamine. See Record Documents 91, 93, 97, 138, and 139. He is presently serving his sentence at Yazoo City USP. His projected release date is October 22, 2028. Shepherd now seeks compassionate release due to the calculation of jail time credits and the retroactivity of First Step Act mandatory minimum sentences. See Record Documents 170, 174, 177, 178, and 181.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United

States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Shepherd moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is a dispute in this case whether Shepherd has exhausted his administrative remedies.

The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. The Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3. Moreover, petitioners such as Shepherd bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions. See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

The Government argues there is no proof that an administrative request has ever been made by Shepherd. See Record Document 173 at 5. This position is based on Shepherd's submission of a document entitled "Exhibit 1, Warden Remedy Exhaust." Record Document 170-4. Yet, the document appears to be a request for certification of the defendant's presentence report, not a request for BOP administrative relief. However, on October 26, 2022, Shepherd filed supplemental exhibits, which include a document entitled "Rejection Notice – Administrative Remedy." Record Document 177 at 1. There

are also three BOP administrative remedy forms completed by Shepherd and two of the forms are stamped "Received Administrative Remedy Section Federal Bureau of Prisons" in September 2022.  Id. at 2, 4, 6.  All of these forms related to Shepherd's argument regarding the alleged miscalculation of jail time credits.  He did not reference any argument based on the retroactivity of First Step Act mandatory minimum sentences.  Shepherd contends he never received a response from the BOP and thus argues he has exhausted his administrative remedies because of the lapse of 30 days between his requests to BOP and the filing of his motions or compassionate release.

It is clear that Shepherd submitted some type of form to the BOP in September 2022.  However, those submissions were limited to the alleged miscalculation of jail time credits, not the retroactivity of First Step Act mandatory minimum sentences.  Moreover, the forms never reference compassionate release, but rather discuss "nunc pro tunc designation" and "credit for time served."  Record Document 177 at 2, 4, and 6.  A request for nunc pro tunc designation or credit for time served cannot necessarily be held to exhaust a request for compassionate release.  See United States v. Blount, 2020 WL 2892107, at *4 (W.D. La. June 1, 2020) ("A request for home confinement cannot be held to exhaust a request for compassionate release, since the two forms of relief are analyzed under different criteria and subject to different review processes within the BOP.").  It is also unclear if Shepherd actually filed a request with the warden at his facility.  As previously stated, Shepherd bears the burden of showing that he has exhausted his administrative remedies within the BOP before filing a compassionate release motion.  See Van Sickle, 2020 WL 2219496, *3.  The record is simply unclear if Shepherd has exhausted his request for compassionate release on the grounds of miscalculation of jail

time credits and the retroactivity of First Step Act mandatory minimum sentences. Shepherd's contention that he exhausted with BOP based on the lapse of 30 days is lacking. While the Court is sympathetic to Shepherd's concerns, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse the failure to exhaust administrative remedies or to waive the 30-day waiting period. See Franco, 2020 WL 5249369. Shepherd must first present his request to BOP and/or present this Court with affirmative documentation of such request. At this time, the Court does not have authority to grant the relief Shepherd seeks.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Shepherd's Motion for Compassionate Release (Record Documents 170 and 178) be and are hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his administrative remedies as required by the statute. Shepherd may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of April, 2023.

_____
United States District Judge