UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:18-CR-00027-03** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ELVIN SHEPHERD (03)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

The undersigned previously issued a Memorandum Order [doc. 200] denying the defendant's Motion for Compassionate Release [docs. 170, 178] for lack of administrative exhaustion. Upon further review, however, the court has determined that the defendant subsequently submitted proof of administrative exhaustion [doc. 183] and hereby **WITHDRAWS** the prior Memorandum Order [doc. 200] to substitute the following reasons for denial of the defendant's request for relief[1]:

As the government noted in its supplemental opposition, the defendant must show "extraordinary and compelling reasons" warranting a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). To this end he cites non-retroactive changes in the Sentencing Guidelines as well as challenges to the calculation of his good-time credits. The latter is cognizable only through a *habeas* petition and should be filed in the district where the defendant is currently incarcerated. As for the former, the Fifth Circuit has recently held that non-retroactive changes to statutory minimums do not support a motion for compassionate release because such changes are neither extraordinary nor compelling. *United States v. McMaryion*, 64 F.4th 257, 259–60 (5th Cir.

---

[1] This matter was originally assigned to another judge, who had denied the motions for lack of exhaustion and then reopened them upon defendant's submission of new evidence. The case, with the reopened motions from November 2022 and several intervening docket entries, were transferred to the undersigned in March 2024. Doc. 199.

2023), *withdrawn and superseded*, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). Additionally, reviewing the substantive reasonableness of defendant's sentence, the court finds no basis to grant relief under the factors set out in 18 U.S.C. § 3553. Defendant's lengthy criminal history, the remaining time to completion of his sentence, and the lack of evidence of rehabilitation all counsel against an arbitrary reduction of his sentence based on a change in the law that Congress elected not to make retroactive. Accordingly, the Motions for Compassionate Release [docs. 170, 178] remain **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on the 3rd day of June, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**